United States District Court
Southern District of Texas

**ENTERED**

May 19, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARIF BATTH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-483 |
| | § | |
| WARDEN, EL VALLE DETENTION FACILITY, | § | |
| *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner Arif Batth is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on provisions of the Fifth Amendment.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which forecloses Petitioner's statutory arguments. In light of this decision, the Court ordered Petitioner to file a statement explaining why *Buenrostro* should not result in the denial of his Petition. (Order, Doc. 3)

In his responsive Statement (Doc. 4), Petitioner contends that *Buenrostro* is "an outlier," pointing to other federal appellate courts that reach contrary conclusions. He also argues that Respondents previously granted him bond and cannot revoke that bond without certain procedural protections. He further contends that the Fifth Amendment's Due Process Clause does not permit Respondents to detain an individual under Section 1225(b)(2)(A) without affording the individual an opportunity to seek bond.

For the following reasons, the Court concludes that Petitioner is not entitled to relief.

1 / 4

## I.

Petitioner contends that having initially detained and paroled him under Section 1226, Respondents cannot reclassify and detain him under Section 1225(b)(2)(A) without notice or other procedural protections, including a bond hearing.

As *Buenrostro[1]* explained, Sections 1225 and 1226 "overlap[,]" rendering some aliens potentially covered by both statutes. *Buenrostro*, 166 F.4th at 505. The Fifth Circuit recognized that "[i]n contrast to past administrations, the current Administration has chosen to exercise a greater portion of its authority by treating applicants for admission under the provision designed to apply to them"–i.e., Section 1225. *Id.* at 506. Here, while the United States initially detained Petitioner under Section 1226, Petitioner identifies no statutory or regulatory provision preventing Respondents from now exercising its authority under Section 1225, which, under *Buenrostro*, has applied to Petitioner since he entered the country.

Ultimately, Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forego applying Section 1225 to him. But no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.

In addition, Section 1225(b)(2)(A) contains a material procedural protection by requiring detention only if a USCIS officer determines that an alien "is not clearly and beyond a doubt entitled to be admitted." Thus, any alien has the opportunity to demonstrate clear entitlement to admission, thus avoiding the statute's mandatory detention provision. Here, Petitioner does not assert that he could make such a showing or that he was prevented from attempting to do so.

---

[1] Petitioner attacks *Buenrostro* as "wrongly decided[,]" (*see* Statement, Doc. 4, 2), but this Court is "not free to overturn" binding Fifth Circuit precedent. *Green v. Thomas*, 129 F.4th 877, 890 (5th Cir. 2025).

## II.

Petitioner contends that the Fifth Amendment's Due Process Clause does not permit Respondents to detain an individual under Section 1225(b)(2)(A) without affording the individual an opportunity to seek bond.

Other courts have considered and rejected substantively-similar arguments. *See, e.g., Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive, despite Petitioner's attempt to distinguish them.[2] For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

## III.

For these reasons, the Court finds that Petitioner does not present a viable claim for relief. As a result, it is:

**ORDERED** that Petitioner Arif Batth's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

---

[2] While recognizing that other district courts have reached a contrary conclusion on this issue–s*ee, e.g., Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

The Clerk of Court is direct to close this case.

Signed on May 19, 2026.

Fernando Rodriguez, Jr.
United States District Judge